UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
EVA LEE                                            :
                                                   :    **07 CIV 6475 (JSR)**
                         Plaintiff,                :
                                                   :
            - against -                            :    **ANSWER &**
                                                   :    **AFFIRMATIVE DEFENSES**
                                                   :
NYP HOLDING INC. and                               :
RAYMOND WALSH JR.,                                 :
                                                   :
                         Defendants.               :
---------------------------------------------------------------x

  Defendant NYP Holdings, Inc., incorrectly named and served as "NYP Holding Inc.," and referred to hereinafter as the "Post," hereby responds to Plaintiff Eva Lee's ("Plaintiff") Complaint (the "Complaint") as follows:

## PRELIMINARY STATEMENT

  1. Denies the allegations contained in Paragraph 1 of the Complaint, except admits that Plaintiff purports to bring this action pursuant to the statutes cited therein.

## JURISDICTION AND VENUE

  2. Denies the allegations contained in Paragraph 2 of the Complaint, except admits that Plaintiff asserts jurisdiction on the grounds cited therein.

  3. Denies the allegations contained in Paragraph 3 of the Complaint, except admits that Plaintiff asserts jurisdiction on the grounds cited therein.

4. Denies the allegations contained in Paragraph 4 of the Complaint, except admits that venue is proper because the Post resides in Manhattan and that the Post maintains offices located at 1211 Avenue of the Americas, New York, New York 10036.

5. Avers that Paragraph 5 of the Complaint states conclusions of law to which no response is required.

6. Denies the allegations contained in Paragraph 6 of the Complaint, except admits that Plaintiff filed a charge of discrimination with the United States Equal Employment Opportunity Commission, that the EEOC dismissed such charge without making a finding of probable cause, that the EEOC issued a Notice of Right to Sue to Plaintiff, and respectfully refers the Court to such documents for the contents thereof.

## PARTIES

7. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 7 of the Complaint.

8. Avers that Paragraph 8 of the Complaint states conclusions of law to which no response is required, but to the extent a response is required, denies the allegations contained in Paragraph 8 of the Complaint, except admits that from time to time over the last number of years Plaintiff has worked for the Post.

9. Avers that Paragraph 9 of the Complaint states conclusions of law to which no response is required, but to the extent a response is required, admits that from time to time over the last number of years Plaintiff has worked for the Post.

10.    Denies the allegations contained in Paragraph 10 of the Complaint, except admits that the Post is a corporation organized under the laws of the state of Delaware, maintains business and editorial offices located at 1211 Avenue of the Americas, New York, New York 10036, and is engaged in, among other things, the business of the publishing of the *New York Post* newspaper.

11.    Aver that Paragraph 11 of the Complaint states conclusions of law to which no response is required, but to the extent a response is required, admits that the Post is an employer.

12.    Admits the allegations contained in Paragraph 12 of the Complaint.

13.    Denies the allegations contained in Paragraph 13 of the Complaint, except admits that Raymond Walsh is an employee of the Post.

## STATEMENT OF PURPORTED FACTS

14.    Denies the allegations contained in Paragraph 14 of the Complaint, except admits that Plaintiff is Asian-American and first worked for the Post in July 2002.

15.    Denies the allegations contained in Paragraph 15 of the Complaint.

16.    Denies the allegations contained in Paragraph 16 of the Complaint, except admits that Plaintiff first worked for the Post as a Mailer.

17.    Denies the allegations contained in Paragraph 17 of the Complaint.

18.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 18 of the Complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 19 of the Complaint.

20. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 20 of the Complaint.

21. Denies the allegations contained in Paragraph 21 of the Complaint, except admits that Plaintiff first shaped in the Post's pressroom on May 25, 2004.

22. Denies the allegations contained in Paragraph 22 of the Complaint, except admits that the shape process for the Post's pressroom involves physically showing up at a designated place at the Post's printing and distribution facility before a shift begins, signing in and being ready and able to work.

23. Denies the allegations contained in Paragraph 23 of the Complaint.

24. Denies the allegations contained in Paragraph 24 of the Complaint, except admits that while shaping is one prerequisite for a casual worker such as Plaintiff to be hired for a particular shift, it is not the only prerequisite, and that it would be entirely consistent with this fact, and indeed not unusual, that Plaintiff could have shaped on a given day and not have been hired to work.

25. Denies, or denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 25 of the Complaint.

26. Denies the allegations contained in Paragraph 26 of the Complaint.

27. Admits that both the New York Times and the Post employ men.

28. Denies, or denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 28 of the Complaint.

29. Denies the allegations contained in Paragraph 29 of the Complaint.

30. Denies, or denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 30 of the Complaint.

31. Denies, or denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 31 of the Complaint.

32. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 32 of the Complaint.

33. Denies, or denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 33 of the Complaint.

34. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 34 of the Complaint, except admits that at times Plaintiff has been assigned to work the stack down.

35. Denies the allegations contained in Paragraph 35 of the Complaint.

36. Denies the allegations contained in Paragraph 36 of the Complaint.

37. Admits that by letter dated January 25, 2005, Plaintiff was informed that she was being placed on the Post's casual list for the pressroom.

38. Denies the allegations contained in Paragraph 38 of the Complaint, except admits that the Post hires casuals to work in its pressroom for, among other reasons, when it does not have enough members of the New York Printing Pressmen's Union Number 2 ( the "Pressmen's Union) to work a given shift.

39. Denies the allegations contained in Paragraph 39 of the Complaint.

40. Denies the allegations contained in Paragraph 40 of the Complaint, except admits that there are male workers who are ahead of Plaintiff on the Post's pressroom causal list.

41. Denies the allegations contained in Paragraph 41 of the Complaint.

42. Admits the allegations contained in Paragraph 42 of the Complaint, and affirmatively states that Defendant has never issued a union card to a single person.

43. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 43 of the Complaint, except affirmatively states that the date on which one first ever works at the Post has nothing to do with when one may receive their union card from the Pressmen's Union.

44. Admits the allegations contained in Paragraph 44 of the Complaint.

45. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 45 of the Complaint, except admits that some time in 2005 Raymond Walsh approved Plaintiff's request to take one week off.

46. Denies the allegations contained in Paragraph 46 of the Complaint.

47. Denies the allegations contained in Paragraph 47 of the Complaint.

48. Denies the allegations contained in Paragraph 48 of the Complaint, except admits that on December 21, 2007, Plaintiff met with Lloyd Vazquez, the Post's Director of Security, and Joseph Vazzano, the Post's Mailroom Supervisor, and discussed with them complaints she had against a co-worker.

49. Denies, or denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 49 of the Complaint.

50. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 50 of the Complaint.

51. Denies the allegations contained in Paragraph 51of the Complaint, except admits that on January 8, 2007 Plaintiff spoke with the Post's human resources department and complained about a conversation she had with a Mr. John Magalia away from the Post's property.

52. Denies, or denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 52 of the Complaint.

53. Denies the allegations contained in Paragraph 53 of the Complaint.

54. Denies the allegations contained in Paragraph 54 of the Complaint, except admits that Plaintiff requested a copy of her complaint concerning Mr. Migalia and that she was advised to have her attorney contact the Post concerning any such request.

55. Denies the allegations contained in Paragraph 55 of the Complaint, except admits that the Post advised Plaintiff that if she wanted a copy of her complaint concerning Mr. Migalia that she should have her attorney contact the Post.

56. Denies the allegations contained in Paragraph 56 of the Complaint.

57. Denies the allegations contained in Paragraph 57 of the Complaint.

58. Denies the allegations contained in Paragraph 58 of the Complaint.

## PURPORTED CLAIMS FOR RELIEF

### PURPORTED FIRST CLAIM FOR RELIEF
(Discrimination under Title VII – sex/gender discrimination)

59. The Post incorporates Paragraphs 1 through 58 of this Answer as though they were fully set forth herein.

60. Denies the allegations contained in Paragraph 60 of the Complaint.

61. Denies the allegations contained in Paragraph 61 of the Complaint.

62. Denies the allegations contained in Paragraph 62 of the Complaint.

63. Denies the allegations contained in Paragraph 63 of the Complaint.

### PUPRPORTED SECOND CLAIM FOR RELIEF
(Discrimination sex/gender under NYSHRL)

64. The Post incorporates Paragraphs 1 through 63 of this Answer as though they were fully set forth herein.

65. Denies the allegations contained in Paragraph 65 of the Complaint.

66. Denies the allegations contained in Paragraph 66 of the Complaint.

67. Denies the allegations contained in Paragraph 67 of the Complaint.

68. Denies the allegations contained in Paragraph 68 of the Complaint.

### PUPRPORTED THIRD CLAIM FOR RELIEF
### (Sex/gender discrimination NYCHRL)

69. The Post incorporates Paragraphs 1 through 69 of this Answer as though they were fully set forth herein.

70. Denies the allegations contained in Paragraph 72 of the Complaint.

71. Denies the allegations contained in Paragraph 73 of the Complaint.

72. Denies the allegations contained in Paragraph 74 of the Complaint.

73. Denies the allegations contained in Paragraph 75 of the Complaint.

### PUPRPORTED FOURTH CLAIM FOR RELIEF
### (Sexual harassment hostile work environment – Title VII)

74. The Post incorporates Paragraphs 1 through 74 of this Answer as though they were fully set forth herein.

75. Denies the allegations contained in Paragraph 75 of the Complaint.

76. Denies the allegations contained in Paragraph 76 of the Complaint.

77. Denies the allegations contained in Paragraph 77 of the Complaint.

78. Denies the allegations contained in paragraph 78 of the Complaint.

79. Denies the allegations contained in paragraph 79 of the Complaint.

80. Denies the allegations contained in paragraph 80 of the Complaint.

81. Denies the allegations contained in paragraph 81 of the Complaint.

82. Denies the allegations contained in paragraph 82 of the Complaint.

**PUPRPORTED FIFTH CLAIM FOR RELIEF**
**(Discrimination under Title VII-retaliation)**

83. The Post incorporates Paragraphs 1 through 83 of this Answer as though they were fully set forth herein.

84. Denies the allegations contained in Paragraph 84 of the Complaint.

85. Denies the allegations contained in Paragraph 85 of the Complaint.

86. Denies the allegations contained in Paragraph 86 of the Complaint.

87. Denies the allegations contained in Paragraph 87 of the Complaint.

88. Denies the allegations contained in Paragraph 88 of the Complaint.

89. Denies the allegations contained in Paragraph 89 of the Complaint.

90. Denies the allegations contained in Paragraph 90 of the Complaint.

91. Denies the allegations contained in Paragraph 91 of the Complaint.

92. Denies the allegations contained in Paragraph 92 of the Complaint

## PUPRPORTED SIFTH CLAIM FOR RELIEF
### (NYSHRL retaliation)

93. The Post incorporates Paragraphs 1 through 92 of this Answer as though they were fully set forth herein.

94. Denies the allegations contained in Paragraph 94 of the Complaint.

95. Denies the allegations contained in Paragraph 95 of the Complaint.

96. Denies, or denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 96 of the Complaint.

97. Denies the allegations contained in Paragraph 97 of the Complaint.

98. Denies the allegations contained in Paragraph 98 of the Complaint.

99. Denies the allegations contained in Paragraph 99 of the Complaint.

100. Denies the allegations contained in Paragraph 100 of the Complaint.

101. Denies the allegations contained in Paragraph 101 of the Complaint.

## PUPRPORTED SEVENTH CLAIM FOR RELIEF
### (NYSHRL – aiding and abetting)

102. The Post incorporates Paragraphs 1 through 102 of this Answer as though they were fully set forth herein.

103. Denies the allegations contained in Paragraph 103 of the Complaint, except admits that Raymond Walsh is employed as the Post's Pressroom Superintendent.

104. Denies the allegations contained in Paragraph 104 of the Complaint.

105. Denies the allegations contained in Paragraph 105 of the Complaint.

106. Defendant denies any allegations not specifically addressed in this Answer.

## PRAYER FOR RELIEF

107. Defendant denies that Plaintiff is entitled to any of the relief requested in the "Wherefore" paragraph on the last two pages of the Complaint, including subparagraphs A through H, or any relief whatsoever.

## JURY TRIAL DEMAND

108. Defendant neither admits nor denies that Plaintiff's claims entitle her to a trial by jury.

## AFFIRMATIVE DEFENSES[1]

### As And For A First Affirmative Defense

109. The Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

### As And For A Second Affirmative Defense

110. The claims alleged in the Complaint are, in whole or in part, barred by the applicable statute of limitations.

### As And For A Third Affirmative Defense

111. Any alleged unlawful discriminatory conduct referred to in the Complaint, even if proved, would have been taken by the Post for legitimate non-discriminatory reasons.

---

[1] In asserting these "affirmative defenses," Defendant does not assume the burden of proof on any such defense except as required by applicable law with respect to the particular defense asserted.

**As And For A Fourth Affirmative Defense**

112. The monetary damages sought by Plaintiff are barred and/or must be reduced on account of her failure to take reasonable steps to mitigate her damages.

**As And For A Fifth Affirmative Defense**

113. Plaintiff cannot recover punitive damages for any alleged unlawful discriminatory practice because Defendant did not at any relevant time know that any of its conduct was in violation of federal, state or local law relating to discrimination in employment on the basis of race and/or gender, and Defendant was not consciously indifferent to whether it violated any such laws or rights of Plaintiff under such laws.

**As And For A Sixth Affirmative Defense**

114. Plaintiff cannot recover punitive damages for any alleged unlawful discriminatory practice because, at all times relevant to the Complaint, Defendant engaged in good-faith efforts to comply with its obligations under Title VII of the Civil Rights Act of 1964, as amended, and all other applicable state or local laws relating to discrimination on the basis of race, color and/or sex.

**As And For A Seventh Affirmative Defense**

115. Plaintiff has not satisfied all of the conditions precedent and procedural and/or jurisdictional prerequisites to maintaining this action.

**As and For An Eighth Affirmative Defense**

116. At all times relevant, the Post has had in place and continues to have in place (i) policies that expressly prohibit all forms of discrimination, harassment and retaliation in the

workplace (hereinafter, "EEO Policies") and (ii) a human resources department which exists in part to filed and investigate any complaints about discrimination and harassment. The Post's EEO Policies are widely-distributed and contain effective complaint procedures and are adhered to by the Company. Plaintiff was aware of these policies and procedures and of the Post's human resources department. To the extent Plaintiff experienced or believes she experienced harassment, discrimination or retaliation of any kind, her claims are barred, in whole or in part, due to her unreasonable failure to avail herself of the preventative and remedial measures made available to her by the Company and because when she did complain, her complaints were promptly and thoroughly investigated and appropriate actions were taken by the Post in response.

## As and For A Ninth Affirmative Defense

117.    Plaintiff's claims are barred, in whole or in part, by the doctrines of unclean hands, waiver, estoppel and/or by laches.

## As and For A Tenth Affirmative Defense

118.    Plaintiff's claims are barred to the extent that any alleged wrongful acts were committed by unauthorized persons or employees outside the scope of authority or employment and/or were outside the responsibility and control of the Post.

## As and For An Eleventh Affirmative Defense

119.    No conduct which could be construed as harassment, discrimination, or retaliation toward Plaintiff ever took place.

### As and For A Twelfth Affirmative Defense

120.  Defendant did not approve of, nor acquiesce in, any alleged harassing or retaliatory behavior toward Plaintiff.

### As and For A Thirteenth Affirmative Defense

121.  Plaintiff's claims are barred to the extent she consented to, initiated or participated in any alleged wrongful acts complained of, and to the extent that the alleged wrongful acts were not unwelcome by her.

### As and For A Fourteenth Affirmative Defense

122.  The proximate cause of Plaintiff's injuries, if any, was the conduct of Plaintiff, and not the Defendant.

### As and For A Fifteenth Affirmative Defense

123.  Plaintiff's claims are barred, in whole or in part, by the exclusivity provisions of the New York Workers' Compensation Law.

### As and For A Sixteenth Affirmative Defense

124.  Plaintiff has failed to state facts sufficient to entitle her to any award of general damages, special damages, prejudgment interests, attorneys' fees and/or costs.

### As and For A Seventeenth Affirmative Defense

125.  Defendant reserves the right to raise any additional affirmative defenses developed during discovery.

**WHEREFORE**, Defendant NYP Holdings, Inc. respectfully requests that the Court:

A. Dismiss the Complaint in its entirety with prejudice;

B. Denies each and every demand and prayer for relief contained in the Complaint;

C. Award the Post its costs and reasonable attorneys' fees; and

D. Award the Post such other and further relief as the Court deems just and proper.

Dated: New York, New York
       August 17, 2007

                                  Respectfully submitted,

/s/ Shari M. Goldsmith
Willis J. Goldsmith (WG 1598)
Shari M. Goldsmith (SG 0909)
JONES DAY
222 East 41st Street
New York, New York  10017-6702
(212) 326-3939


J. Jordan Lippner (JL 0064)
News America Incorporated
1211 Avenue of the Americas
New York, New York  10036
(212) 852-7000

16

## **CERTIFICATE OF SERVICE**

  I hereby certify that on August 17, 2007, the foregoing Answer and Affirmative Defenses was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Southern District's Local Rules, and/or the Southern District's Rules on Electronic Service upon the following parties:

> Neil M. Frank
> Frank & Associates, P.C.
> 500 Bi-County Blvd., Suite 112N
> Farmingdale, New York 11735
> Tel: (631) 756-0400

/s/ Shari M. Goldsmith

Shari M. Goldsmith (SG 0909)
Jones Day
222 East 41st Street
New York, NY 10017-6702
smgoldsmith@jonesday.com
(212) 326-3939